**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEAN R. OLIVERAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | **1:16-cv-15 GSA**<br><br><br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I.   **INTRODUCTION**

Plaintiff Jean Oliveras ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI") pursuant to XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs which were submitted without oral argument to

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill is substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

the Honorable Gary S. Austin, United States Magistrate Judge.[2] (Docs. 12, 17, and 18). Upon a review of the entire record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, the Court affirms the agency's determination to deny benefits and denies Plaintiff's appeal.

## II.   FACTS AND PRIOR PROCEEDINGS[3]

### A.  Background

On March 26, 2012, Plaintiff filed an application SSI, alleging disability beginning January 28, 2000.[4] AR 11; 328-334. Her applications were denied initially and on reconsideration. AR 231-234; 237-245. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 247-249. ALJ Vincent Misenti held a hearing on April 22, 2014 (AR 107-144), and issued an order denying benefits on May 28, 2014. AR 11-22. Plaintiff subsequently filed an appeal with the Appeals Council. The appeal was denied, rendering the ALJ's decision the final decision of the Commissioner. AR 1-5. Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  The Disability Standard

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

. . . his physical or mental impairment or impairments are of such severity that he is not

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 7 and 8).

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] This is Plaintiff's third application for SSI benefits. AR 11. She first applied for benefits on July 26, 2006 and subsequently reapplied on April 14, 2009. AR 11; 145-185. After Plaintiff exhausted her administrative remedies, hearings were held by an ALJ and benefits were denied on each occasion. AR 145-172.

only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 416.920(a). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 416.920 (a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments; (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

**C.     Summary of the ALJ's Decision and the Issues Presented**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 11-22. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 26, 2012, the application date. AR 14. Further, the ALJ identified fibromyalgia and obesity as severe impairments. AR 14. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 15-16.

The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to

perform light work as defined in 20 CFR 416.967(b) with the following exceptions:

> [The claimant] can occasionally crawl, crouch, kneel, stoop, balance, and climb ropes and stairs. She should avoid unprotected heights, commercial driving, and climbing ladders, ropes, and scaffolds. She should avoid concentrated exposure to extreme cold or heat. She is capable of working in moderately noisy environments. She should also avoid concentrated exposure to fumes, gases, chemicals and poorly vented areas.  The claimant is limited to simple, routine, and repetitive tasks.  She is limited to simple work related decisions. AR 16.

At step four, the ALJ relied on the testimony of a vocational expert and found that Plaintiff was capable of performing her past occupation as a photo detailer as it was actually performed. AR 20. The ALJ also made an alternative finding at step five and determined that Plaintiff was capable of working as a fast food worker and a cafeteria attendant. AR 21. Accordingly, the ALJ found that Plaintiff was not disabled. AR 21.

Plaintiff challenges this decision arguing that the ALJ improperly assessed the medical evidence.  Specifically, Plaintiff contends that the ALJ failed to properly incorporate her treating physician's limitations that she was unable to stoop, crouch, or bend. As a result, the ALJ erroneously concluded Plaintiff could perform the three jobs listed above. (Docs. 12 and 18). In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence because the ALJ properly assessed all of the medical evidence and devised a RFC that adequately accounted for all of Plaintiff's limitations. (Doc. 17).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which,

considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.*  Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Medical Evidence.[5]

Plaintiff argues that the ALJ improperly found that she could perform her past work as a photo detailer, as well as work as a fast food worker and cafeteria attendant because the ALJ implicitly adopted Dr. Watrous' (her treating physician) limitations that she is precluded from stooping, crouching, and bending but failed to incorporate these into the RFC.  Instead, the ALJ found that she could occasionally perform these tasks but did not provide specific and legitimate reasons for rejecting Dr. Watrous' opinion. Plaintiff contends this error is significant because if the hypothetical submitted to the VE contained Dr. Watrous' limitations that she was unable to stoop, crouch and bend, Plaintiff would not be able to perform these three jobs, or light work generally.  Moreover, if she were limited to sedentary unskilled work, she would be disabled under the Medical Vocational Guideline ("the Grids") Rule 201.14.  Given the above, the ALJ's disability determination contained legal error and it is not supported by the evidence.  Plaintiff urges the Court to credit the evidence in question as true and grant benefits, or alternatively remand for further administrative proceedings. (Docs. 12, pgs. 5-22; Doc. 18, pgs. 4-7).

Defendant argues that the ALJ's analysis was proper because the ALJ considered the medical record in its entirety and carefully crafted a RFC that comported with the weight of the evidence. (Doc.17, pgs.6-14).  Specifically, the Defendant asserts that ALJ's decision should be affirmed because the ALJ's rationale for rejecting Dr. Watrous' opinions was specific, legitimate, and supported by substantial evidence. Alternatively, the Commissioner argues that if the Court finds

---

[5] The Court has reviewed the entire medical record (AR 381-659) and addresses the relevant portions raised in this appeal below.

error, the case should be remanded for further proceedings rather than award benefits. (Doc. 17, pgs. 6-14).

### 1. *Legal Standard*

The weight given to medical opinions depends in part on whether they are offered by treating, examining, or non-examining (reviewing) professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).

An ALJ may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Lester*, 81 F.3d at 830. While a treating professional's opinion is generally accorded superior weight, if it is contradicted by an examining professional's opinion (when supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). The regulations require the ALJ to weigh the contradicted treating physician opinion, *Edlund v. Massanari*, 253 F.3d 1152 (9th Cir. 2001), but the ALJ need not give it any weight if it is conclusory and supported by minimal clinical findings. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); *see also Magallanes*, 881 F.2d at 751.

### 2. *Anaylsis*

Here, there were four medical doctors who offered opinions in this case: Dr. Daniel Watrous, M.D., Plaintiff's treating physician (AR 648-651); Dr. Robert Wagner, M.D., a consultative

examining physician (AR 560-564); and Drs. W. Jackson, M.D.  (AR 218-219) and Maria Lagarda, M.D., (AR 195), two non-examining state agency physicians. At issue in this case is whether the ALJ properly rejected Dr. Watrous' opinion with regard to Plaintiff's ability to stoop, crouch, and bend.

A review of the medical reveals that the opinions offered contrasting medical opinions regarding Plaintiff's physical limitations and her ability to work. Dr. Watrous determined that Plaintiff could lift/carry ten pounds rarely and five pounds occasionally; could stand/walk less than one hour per workday; could sit less than one hour per workday; would frequently experience interference with attention and concentration; could not stoop, crouch or bend; would need to lie down for four hours during a workday; would be off task for thirty percent of the workday; and would experience absenteeism at a rate of more than five days per month. AR 648-651.  On the other hand, Dr. Wagner concluded that Plaintiff could stand and/or walk for a total of approximately six hours; occasionally lift and/or carry objects weighing up to fifty pounds, with frequent lifting or carrying of objects weighing up to twenty-five pounds; use arms and hands to grasp, hold, and turn objects; frequently bend or stoop; and be on her feet for most of the workday. AR 564. Dr. Jackson, M.D. reviewed the record and fell in the middle of the other two doctors, finding that Plaintiff could stand and/or walk for a total of approximately six hours in an eight-hour workday; occasionally crawl, crouch, kneel, stoop, balance, and climb; use her arms and hands to grasp, hold, and turn objects; lift and/or carry up to ten pounds frequently and twenty pounds occasionally; and push and/or pull arm-hand or leg-foot controls, among other activities. AR 218–19. Dr.  Lagarda, M.D., agreed with Dr. Wagner's functional assessment. AR 195.

Plaintiff argues that the ALJ's decision is in error because if he adopted Dr. Watrous' limitations that Plaintiff is unable to balance, stoop, crouch or bend, he failed to include the

limitation in the RFC which resulted in the VE providing testimony that Plaintiff could perform work as a photo detailer, a fast food worker, or a cafeteria attendant.[6]  Alternatively, Plaintiff contends that if the ALJ rejected these limitations, he failed to provide specific and legitimate reasons for doing so. (Doc. 12, pgs. 6-8).

After reviewing the ALJ's decision, the Court rejects the Plaintiff's arguments.  The ALJ provided a very detailed summary of all of the doctor's opinions. After evaluating all evidence, the ALJ adopted Dr. Watrous' stooping, crouching, and bending limitations, but not to the extent the doctor and Plaintiff alleges. Instead, the ALJ adopted Dr. Jackson's opinion that Plaintiff could occasionally perform those activities.  The ALJ did so by noting that Dr. Jackson found Plaintiff could perform less than a full range of light work and by giving that opinion considerable weight. AR 18. ("Dr. Jackson determined … that the claimant could occasionally crawl, crouch, kneel, stoop, balance, and climb. Dr. Jackson's determination receives more weight that Dr. Legarda's opinion …").  When discussing Dr. Watrous' findings, the ALJ found that he would give the opinion only some weight. AR 18. The ALJ then gave a detailed analysis of Dr. Watrous' findings.  He specifically stated that he gave more weight to Dr. Jackson's opinion than to Dr. Watrous' findings because Dr. Watrous relied extensively on Plaintiff's subjective complaints without objective evidence (AR19), and because Plaintiff's daily activities which included personal care needs, cooking, cleaning, riding a motorcycle, shopping and walking were not consistent with the limitations Dr. Watrous identified.  AR 17; 19; 89-90; 549-651; 616.  These are valid bases to reject a doctor's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (A lack of supporting clinical findings is a valid reason for rejecting a treating physician's opinion); *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) citing *Morgan v.*

---

[6] Plaintiff also argues that even if she could occasionally stoop and crouch, she would still be precluded from performing her past work as a photo detailer because that job requires stooping and crouching eight hours a day. However, since the ALJ found that Plaintiff could work in two other jobs at step five, this error would not be a separate basis for reversal. (Doc. 12, pg. 7, n. 2)

*CSS*, 169 F. 3d 595, 600-602 (9th Cir. 1999) (conflict between a medical opinion and daily activities "may justify rejecting a treating provider's opinion"). Therefore, while the ALJ stated that he credited Dr. Watrous' balance, stooping, couching, and bending limitations, it is also clear that the ALJ adopted Dr. Jackson's limitation that Plaintiff could perform these tasks only occasionally rather than not at all. AR 16; 18; 19; 219; 649.

Plaintiff correctly argues that if the ALJ did not adopt Dr. Watrous' limitations in full, he was required to provide specific and legitimate reasons for doing so. (Doc. 12, pg. 7; Doc. 18, pg. 4). She cites to *Dale v. Colvin*, 823 F. 3d 941, 945 (9th Cir. 2016) for the premise that an ALJ's reasons for rejecting a discrete portion of a source's opinion does not serve as a basis to reject other portions of the opinion. She contends that because the ALJ's reasons for rejecting these findings are located in another section of the order addressing other limitations, they are not valid. The Court finds that *Dale* is not controlling here. First, unlike *Dale*, the ALJ in this instance was comparing several different doctors' opinions regarding Plaintiff's physical impairments and clearly gave more weight to Dr. Jackson's opinion than to Dr. Watrous' findings. AR 18;19. In doing so, he stated that he "credits limitations to balance, stooping, crouching, and bending," which he did by adopting Dr. Jackson's limitations performing these activities occasionally. *Id*. He did not indicate that he was adopting Dr. Watrous' limitations in those areas in full as Plaintiff contends.

Additionally, while the ALJ divided Dr. Watrous' opinion into different sections when rejecting various limitations, he also noted inconsistencies between the Plaintiff's complaints and the objective evidence in the record numerous times throughout the order and clearly chose to reject the majority of Dr. Watrous' findings. AR 17; 18; 19. For example, he found Plaintiff was not credible by referencing Dr. Wagner's observations that Plaintiff appeared to be exaggerating her symptoms especially with regard to needing a cane, bending, and walking. AR 17; 561-564.

He also noted that Plaintiff's complaints of irritable bowel syndrome and fingering limitations were not supported by Dr. Watrous' treatment notes, further discrediting his opinion. *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) (An ALJ may also reject the treating physician's opinion because it was based on the claimant's discredited subjective complaints); AR 17.

Finally, at the conclusion of the evaluation of the medical evidence, the ALJ made it clear that he considered the entire record and found that Plaintiff's subjective statements and allegations were not supported by the weight of the medical evidence. AR 20. In doing so, the ALJ considered the evidentiary record as a whole and carefully crafted a RFC that incorporated the limitations he found best comported with the weight of the evidence. See 20 C.F.R. § 416.946(c); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."). Given all of the above, the ALJ provided specific, legitimate reasons for rejecting Dr. Watrous' opinion that Plaintiff was completely unable to stoop, crouch and bend, but that she could do so occasionally.

### V.   CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor Nancy A. Berryhill, Commissioner of Social Security and against Plaintiff Jean R. Oliveras, and close this action.

IT IS SO ORDERED.

Dated:   **February 13, 2017**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28